```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEMARK DIXON,

                Petitioner,
                                        MEMORANDUM & ORDER
        -against-                       01-CV-4591(JS)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     DeMark Dixon, #48274-053
                    F.C.I. Otisville
                    P.O. Box 1000
                    Otisville, NY 10963

For Respondent:     Stephen King, Esq.
                    United States Attorney's Office, EDNY
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

On June 9, 2004, this Court denied Petitioner DeMark Dixon's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On September 12, 2005, the Second Circuit Court of Appeals dismissed Petitioner's appeal of the June 2004 Order because Petitioner failed to demonstrate the denial of a constitutional right. Petitioner then moved pursuant to Federal Rule of Civil Procedure 60(b) for relief from his judgment of conviction. Petitioner cited the ground of actual innocence. The Court denied Petitioner's Rule 60(b) motion in an Order dated April 6, 2006. Petitioner appealed the April 2006 Order to the Second Circuit. The Second Circuit dismissed the appeal because this Court had yet to address whether a Certificate of Appealability

should be granted. Accordingly, on July 21, 2006, this Court denied Petitioner's request for a Certificate of Appealability, pursuant to Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c)(2) because Petitioner failed to make a substantial showing of denial of a constitutional right. In the Order, the Court noted that Petitioner needed to apply to the Circuit for further relief. Subsequently, Petitioner applied to the Circuit for relief, and on April 19, 2007, the Court of Appeals issued a mandate ordering as follows:

> the motions are denied and the appeal is dismissed because the appellant has failed to show that: "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."

Dixon v. United States, No. 06-PR-2399 (Apr. 19, 2007) (citing Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam)). In his latest series of filings, Petitioner again seeks to have this case reopened and have his case transferred to the United States District Court for the Southern District of New York. For the reasons that follow, Petitioner's motions are DENIED.

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to vacate a final order or determination for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence,

> could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "The standard for granting such a motion is strict" with the burden of proof on the party seeking reconsideration. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). Thus, a motion for reconsideration should not be granted where the party seeks solely to repackage or relitigate arguments and issues already considered by the Court. See Shrader, 70 F.3d at 257 ("Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Reconsideration may only be granted "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law[,] or prevent manifest injustice." Cornett v. Brown, No. 04-CV-0754, 2007 U.S. Dist. LEXIS 68668, at *9 (E.D.N.Y. Sept. 27, 2007).

When deciding a motion pursuant to Rule 60(b), "a court must balance the policy in favor of hearing a litigant's claims on

the merits against the policy in favor of finality." Stewart Park & Reserve Coal, Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). "Rule 60(b) motions are left to the sound discretion of the district judge." Id. (citing Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)).

Based on the submissions before the Court, Petitioner has not presented any reason that would warrant reopening this case. Time and again, this Court and the Second Circuit have denied the relief Petitioner seeks, and there is absolutely no basis for this Court to disturb its June 9, 2004 Order. Frankly, Petitioner's claims are meritless and a waste of judicial resources. See In re McDonald, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) ("Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of . . . frivolous requests . . . does not promote that end.") Such abuses of the Court's time and resources will not be tolerated.

Accordingly, the Clerk of the Court is directed not to accept any further filings from Petitioner in this case without first obtaining permission from this Court. The Court again informs Petitioner that his case is CLOSED, and reminds him that

repeating the same arguments in support of his petition for a writ of habeas corpus will not change this Court's numerous prior rulings.

## CONCLUSION

For the reasons stated above, Petitioner's motions to set aside the judgment and transfer venue are DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated:   October  9 , 2009
         Central Islip, New York