```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEMARK DIXON,

                    Petitioner,
                                           MEMORANDUM & ORDER
         -against-                         01-CV-4591(JS)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    DeMark Dixon, #48274-053
                   F.C.I. Otisville
                   P.O. Box 1000
                   Otisville, NY 10963

For Respondent:    Stephen King, Esq.
                   United States Attorney's Office, EDNY
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

On June 9, 2004, this Court denied Petitioner DeMark Dixon's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On September 12, 2005, the Second Circuit Court of Appeals dismissed Petitioner's appeal of the June 2004 Order because Petitioner failed to demonstrate the denial of a constitutional right. Petitioner then moved pursuant to Federal Rule of Civil Procedure 60(b) for relief from his judgment of conviction. Petitioner cited the ground of actual innocence. The Court denied Petitioner's Rule 60(b) motion in an Order dated April 6, 2006. Petitioner appealed the April 2006 Order to the Second Circuit. The Second Circuit dismissed the appeal because this Court had yet to address whether a Certificate of Appealability

should be granted. Accordingly, on July 21, 2006, this Court denied Petitioner's request for a Certificate of Appealability, pursuant to Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c)(2) because Petitioner failed to make a substantial showing of denial of a constitutional right. In the Order, the Court noted that Petitioner needed to apply to the Circuit for further relief. Subsequently, Petitioner applied to the Circuit for relief, and on April 19, 2007, the Court of Appeals issued a mandate ordering as follows:

> the motions are denied and the appeal is dismissed because the appellant has failed to show that: "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."

Dixon v. United States, No. 06-CR-2399 (Apr. 19, 2007) (citing Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam)).

On May 28, 2009, Petitioner again sought to have this case reopened and have his case transferred to the United States District Court for the Southern District of New York. In an Order dated October 9, 2009, the Court denied his application as frivolous and barred him from future filings without prior approval from the Court.

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional

right; otherwise, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); United States v. Lozano, Nos. 09-CV-3130, 05-CR-1069, 2009 WL 1024294, at *3 (S.D.N.Y. Apr. 14, 2009); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000). In this case, because the petition is utterly frivolous, the Court finds that any appeal would not be taken in good faith. Therefore, the Court will not issue a certificate of appealability and DENIES leave to appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3).

## CONCLUSION

For the reasons stated above, the Court will not issue a certificate of appealability and DENIES leave to appeal in forma pauperis.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated: November 5, 2009
       Central Islip, New York